# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD EDWARD SPEARMAN, | No. 2:21-CV-1214-WBS-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SAM BERRI TOWING, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1 rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege
2 with at least some degree of particularity overt acts by specific defendants which support the
3 claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
4 impossible for the Court to conduct the screening required by law when the allegations are vague
5 and conclusory.

6        Plaintiff names Sam Berri Towing and a number of individuals as defendants.
7 None are government employees or agencies.  Plaintiff alleges that Defendants stole his 1993
8 Nissan and then tried to sell it online.  Plaintiff also claims Defendants stole his grandfather's file,
9 account information, and real estate portfolio.

10        Plaintiff's complaint suffers two critical defects.  First, it fails to name an
11 individual acting under color of state law.  Second, it fails to allege a violation of a constitutional
12 or federal statutory right, instead alleging only a state law tort claim for defamation.  To state a
13 claim under § 1983Plaintiff must "plead that (1) the defendants acting under color of state law
14 (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Gibson v. United
15 States, 781 F.2d 1334, 1338 (9th Cir. 1986); see also Pistor v. Garcia, 791 F. 3d 1104, 1114 (9th
16 Cir. 2015); Long v. Cty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); WMX Techs., Inc.
17 v. Miller, 197 F.3d 367, 372 (9th Cir. 1999) (en banc); Ortez v. Wash. Cty., Or., 88 F.3d 804, 810
18 (9th Cir. 1996).  Here, Plaintiff does neither.

19        Because it does not appear possible that the deficiencies identified herein can be
20 cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of
21 the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Based on the foregoing, the undersigned recommends that this action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 7, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE