1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  REGINALD EDWARD SPEARMAN,          No.  2:21-CV-1214-WBS-DMC-P

12          Plaintiff,

13      v.                                                       ORDER

14  SAM BERRI TOWING, et al.,

15          Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42

18  U.S.C. § 1983.

19          On September 8, 2021, the Court issued findings and recommendations that this

20  action be dismissed for failure to state a claim.  See ECF No. 9.  The Court stated:

21                  Plaintiff names Sam Berri Towing and a number of
            individuals as defendants.  None are government employees or agencies.
22          Plaintiff alleges that Defendants stole his 1993 Nissan and then tried to
            sell it online.  Plaintiff also claims Defendants stole his grandfather's file,
23          account information, and real estate portfolio.
                    Plaintiff's complaint suffers two critical defects.  First, it
24          fails to name an individual acting under color of state law.  Second, it fails
            to allege a violation of a constitutional or federal statutory right, instead
25          alleging only a state law tort claim for defamation.  To state a claim under
            § 1983Plaintiff must "plead that (1) the defendants acting under color of
26          state law  (2) deprived plaintiffs of rights secured by the Constitution or
            federal statutes." Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir.
27          1986); see also Pistor v. Garcia, 791 F. 3d 1104, 1114 (9th Cir. 2015);
            Long v. Cty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); WMX
28          Techs., Inc. v. Miller, 197 F.3d 367, 372 (9th Cir. 1999) (en banc); Ortez

1

1

v. Wash. Cty., Or., 88 F.3d 804, 810 (9th Cir. 1996).  Here, Plaintiff does neither.

2

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

3

4

ECF No .9, pg. 2.

5

6

In his objections to the Court's findings and recommendations, Plaintiff now

7

alleges that Sam Berri Towing is the contracted towing company for the California Highway

8

Patrol (CHP) and that CHP officers conspired with Sam Berri Towing and other named

9

defendants to steal his car.  See ECF No. 10.  According to Plaintiff, the conspiracy renders Sam

10

Berri Towing and the other defendants state actors for purposes of § 1983.  See id.  Because

11

Plaintiff is correct that private actors who conspire with state officials may be acting under color

12

of state law, see Tower v. Glover, 467 U.S. 914, 920 (1984), the Court will vacate the findings

13

and recommendations and re-address Plaintiff's complaint in light of the allegations set forth in

14

Plaintiff's objections.  The sufficiency of Plaintiff's complaint is addressed separately.

15

Accordingly, IT IS HEREBY ORDERED that the September 8, 2021, findings and

16

recommendations are vacated.

17

18

Dated:  September 29, 2021

19

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

2